UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, EX REL ) <br> BRYAN REDDICK, ) <br> ) <br> PLAINTIFF, ) <br> ) <br> DR. ADRIAN FEINERMAN and GATEWAY ) <br> REGIONAL MEDICAL CENTER and MINERS ) <br> MEMORIAL HEALTH CENTER, ) <br> ) <br> DEFENDANTS. ) | Civil Action No.  22-cv-189-SMY |

## COMPLAINT

Comes now the Plaintiff, **United States of America, Ex Rel Bryan Reddick,** by and through their attorneys, of Chatham & Baricevic, and hereby complains against the Defendants **Dr. Adrian Feinerman**, **Gateway Regional Medical Center, and Miners Memorial Health Center** as follows:

## BACKGROUND FACTS

In order to qualify for benefits based on disability under either SSI or SSDI, an individual must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The Social Security Act and the regulations promulgated thereunder require that the Social Security Administration needs evidence from acceptable medical sources to establish whether an individual has a medically determinable impairment.20 C.F.R. §§ 404.1513(a), 416.913(a). In order to have adequate medical evidence of an individual's disabilities, it is frequently necessary to procure a consultative examination from a qualified medical source. 20 C.F.R. § 404.1517 et seq.

For many years, Dr. Adrian Feinerman has performed and continues to perform a large volume of these consultative examinations in counties within the Southern District of Illinois. He regularly issued reports that are incorrect or incomplete, including statements that he performed tests he did not in fact perform and conclusions that were inconsistent with medical evidence already in the record, with no explanation or even acknowledgement of the inconsistency.

SSDI and SSI applicants and beneficiaries represent a population with education levels well below the national average. These individuals are often not represented by counsel during the application process or on reconsideration, which is the first phase of the administrative appeal process. These individuals are typically not furnished with a copy of consultative examination reports until they have been denied twice and request a hearing. By the time these individuals have the opportunity to review consultative examination reports, a significant amount of time has passed. The individuals are unlikely to understand the medical terminology contained in the consultative examination reports to know whether or not the consultative examination report is accurate.

## **COUNT I AGAINST DR. ADRIAN FINERMAN**

Qui Tam Plaintiff Bryan Reddick alleges as follows:

1. That at all times mentioned herein the Qui Tan Plaintiff, Bryan Reddick, was a resident of East Carondelet and county of St. Clair and State of Illinois, and brings this action on behalf of the United States of America pursuant to 31 U.S.C.A § 3729 et seq. A copy of the complaint and written disclosure of substantially all material written evidence and information the Plaintiff possesses has been served on the United States Government pursuant to Federal Rules of Civil Procedure, Rule 4 (1).  The complaint is filed in camera, under seal, and may not be served on defendants until further order of this court. This court has jurisdiction under 31 U.S.C.A § 3730

(b) (a) and 3732, as defendant Feinermen practiced and engaged in business in multiple locations within the Southern District of the State of Illinois, and the acts complained of occurred in said District. Venue exists in this district pursuant to 31 U.S.C.A § 3730 (b) (a).

    2. That at all times mentioned herein the defendant Dr. Adrian Feinerman was a doctor licensed to practice medicine in the State of Illinois and was so practicing in various locations throughout the State, and in the Southern District of Illinois.

    3. That as part of his practice, the defendant was a vendor for the State Government for the purpose of conducting special examinations and issuing medical reports on applicants on behalf of the State of Illinois Department of Human Services, Division of Rehab Services, Disability Determination in a manner consistent with applicable state and federal medical and regulatory standards.

    4. That the purpose of these examinations and subsequent reports was to determine if said applicant qualified for specified disability benefit under state and or federal law.

    5. That the defendant on April 2, 2021 did purport to perform such an examination and did issue a report regarding the plaintiff.

    6. That the defendant or about April 2, 2021, tendered a report regarding the plaintiff that described tests and examinations that were not performed.

    6. That the defendant received payment of One Hundred Forty-Five dollars for the fraudulent examination and report pertaining to Plaintiff Bryan Reddick. (Exhibit 1).

    7. That the defendant has received over Three Million Dollars for performing examinations and issuing fraudulent reports. (Exhibit 2).

8. That on or about September 15, 2010, a representative from the Illinois Department of Human Services, Deputy Director Ann Robert, brought several complaints regarding a lack of thoroughness of exams to Dr. Adrian Feinerman's attention. (Exhibit 3).

9. That additional complaints or notices continued to be received by the Illinois Department of Human Services regarding inadequate examinations performed by Dr. Adrian Feinerman. (Exhibit 4).

10. That said additional complaints describe examinations lasting under 10 minutes or less and very limited examination of the individuals seeking Social Security benefits. (Exhibit 4).

11. That on or about said time and place there existed in the State of Illinois an act known as The Federal False Claim Act, 31 U.S.C.A § 3729 et seq., which in part imposes liability on those who make false or fraudulent claims for payment to the United States Government or use false records or statements to secure payment of a false claim from the Government.

12. That the defendant did violate The False Claim Act in one or more of the following ways.

    a. Failed to conduct an exam of the plaintiff in a manner that was consistent with applicable medical and regulatory standards in that he failed to perform certain necessary aspects of a disability examination.

    b. Falsified a medical report based upon said examination that contained findings that did not exist and/ or were fabricated.

    c. Failed to inform the plaintiff that the exam that he was conducting did not conform with the applicable medical and regulatory standards so that he could properly receive benefits to which he rightfully qualified.

    d. Prevented the plaintiff from receiving any State or Federal benefits that he may have been eligible to receive by submitting a false report based upon a sham examination.

    e. The defendant knowingly, unlawfully and wrongfully submitted false claims, statements and records to agents or officials of the United States to obtain payment for conducting said false and fraudulent exams. These false records or

claims had a material effect on the Government's decision to pay for said exams, and a material effect in denying plaintiff Reddick's disability claims.

13. That as a direct result of the fraudulent activities of the defendant, the plaintiff was deemed not to be disabled under the applicable State and Federal guidelines and therefore was denied all applicable benefits.

14. That pursuant to said False Claim Act the Plaintiff is entitled to receive not only his applicable compensatory damages but treble damages along with his attorney fees as well as costs. The United States has been damaged by all of the above false claims by defendants for said fraudulent services rendered and false reports.

WHEREFORE, Plaintiff requests that this court enter judgment on behalf of the Plaintiff, the United States, and to Plaintiff Bryan Reddick, as relator, against the defendant plus prejudgment interest together with reasonable attorney's fees and costs and for such other and further relief as the court deems equitable and just in the premises.

## COUNT II AGAINST DR. ADRIAN FINERMAN AS AGENT OF GATEWAY REGIONAL MEDICAL CENTER

Qui Tam Plaintiff Bryan Reddick alleges as follows:

1. That at all times mentioned herein the Qui Tan Plaintiff, Bryan Reddick, was a resident of East Carondelet and county of St. Clair and State of Illinois, and brings this action on behalf of the United States of America pursuant to 31 U.S.C.A § 3729 et seq. A copy of the complaint and written disclosure of substantially all material written evidence and information the Plaintiff possesses has been served on the United States Government pursuant to Federal Rules of Civil Procedure, Rule 4 (1). The complaint is filed in camera, under seal, and may not be served on defendants until further order of this court. This court has jurisdiction under 31 U.S.C.A § 3730 (b) (a) and 3732, as defendant Feinermen practiced and engaged in business at Gateway

Regional Medical Center within the Southern District of the State of Illinois, and the acts complained of occurred in said District. Venue exists in this district pursuant to 31 U.S.C.A § 3730 (b) (a).

    2. That at all times mentioned herein the defendant Dr. Adrian Feinerman was a doctor licensed to practice medicine in the State of Illinois and was so practicing in various locations throughout the State, and in the Southern District of Illinois.

    3. That as part of his practice, the defendant was contracted by the State Government to conduct special examinations and issue medical reports on eligible applicants on behalf of the State of Illinois Department of Human Services, Division of Rehab Services, Disability Determination in a manner consistent with applicable state and federal medical and regulatory standards.

    4. That the purpose of these examinations and subsequent reports was to determine if said applicant qualified for specified disability benefit under state and or federal law.

    5. That the defendant on April 2, 2021 did purport to perform such an examination and did issue a report regarding the plaintiff.

    6. That on or about said time and place there existed in the State of Illinois an act known as The False Claim Act, 740 ILCS 175/1 which in part imposes liability on those who make false or fraudulent claims for payment to the United States Government or use false records or statements to secure payment of a false claim from the Government.

    7. That the defendant as an agent and/or employee of the defendant Gateway Regional Medical Center did violate The False Claim Act in one or more of the following ways.

> a. Failed conduct an exam of the plaintiff in a manner that was consistent with applicable medical and regulatory standards in that he failed to perform certain necessary aspects of a disability examination.

      b. Falsified a medical report based upon said examination that contained findings that did not exist and/ or were fabricated.

      c. Failed to inform the plaintiff that the exam that he was conducting did not conform with the applicable medical and regulatory standards so that he could properly receive benefits to which he rightfully qualified.

      d. Prevented the plaintiff from receiving any State or Federal benefits that he may have been eligible to receive by submitting a false report based upon a sham examination.

    8. That as a direct result of the fraudulent activities of the defendant, the plaintiff was deemed not to be disabled under the applicable State and Federal guidelines and therefore was denied all applicable benefits.

    9. That pursuant to said False Claim Act the Plaintiff is entitled to receive not only his applicable compensatory damages but treble damages along with his attorney fees as well as cost.

## COUNT III AGAINST GATEWAY REGIONAL MEDICAL CENTER

    1. That at all times mentioned herein the Qui Tam Plaintiff, Bryan Reddick, was a resident of East Carondelet and county of St. Clair and State of Illinois, and brings this action on behalf of the United States of America pursuant to 31 U.S.C.A § 3729 et seq. A copy of the complaint and written disclosure of substantially all material written evidence and information the Plaintiff possesses has been served on the United States Government pursuant to Federal Rules of Civil Procedure, Rule 4 (1). The complaint is filed in camera, under seal, and may not be served on defendants until further order of this court. This court has jurisdiction under 31 U.S.C.A § 3730 (b) (a) and 3732, as defendant Feinermen practiced and engaged in business at Gateway Regional Medical Center within the Southern District of the State of Illinois, and the

acts complained of occurred in said District. Venue exists in this district pursuant to 31 U.S.C.A § 3730 (b) (a).

2. That at all times mentioned herein the defendant Dr. Adrian Feinerman was a doctor licensed to practice medicine in the State of Illinois and was so practicing in various locations throughout the State, and in the Southern District of Illinois.

3. That as part of his practice, the defendant was contracted by the State Government to conduct special examinations and issue medical reports on eligible applicants on behalf of the State of Illinois Department of Human Services, Division of Rehab Services, Disability Determination in a manner consistent with applicable state and federal medical and regulatory standards.

4. That the purpose of these examinations and subsequent reports was to determine if said applicant qualified for specified disability benefit under state and or federal law.

5. That at all times mentioned herein the defendant Dr. Adrian Feinerman was a doctor licensed to practice medicine in the State of Illinois and was an employee or agent of the Gateway hospital located in Gateway Regional Medical Center located in Granite City Illinois.

6. That at all times mentioned herein the defendant Gateway Regional Medical center was a privately owned and operated hospital and medical provider located in Granite City, State of Illinois.

7. That the defendant Gateway Regional Medical Center by and through its various physicians was a facility where special examinations were conducted and medical reports issued on eligible applicants on behalf of the State of Illinois Department of Human Services, Division of Rehab Services, Disability Determination in a manner consistent with applicable State and Federal medical and regulatory standards.

8. That the purpose of these examinations and subsequent reports was to determine if said applicant qualified for specified disability benefit under state and or federal law.

9. That the defendant on April 2, 2021 did purport to perform such an examination and did issue a report regarding the plaintiff.

10. That on or about said time and place there existed in the State of Illinois an act known as The Federal False Claim Act, 31 U.S.C.A § 3729 et seq., which in part imposes liability on those who make false or fraudulent claims for payment to the United States Government or use false records or statements to secure payment of a false claim from the Government.

11. That the defendant Gateway Regional Medical Center by or through its agents or employees did violate the False Claim Act in one or more of the following ways:

   a. Failed conduct an exam of the plaintiff in a manner that was consistent with applicable medical and regulatory standards in that he failed to perform certain necessary aspects of a disability examination.

   b. Falsified a medical report based upon said examination that contained findings that did not exist and/ or were fabricated.

   c. Failed to inform the plaintiff that the exam that he was conducting did not conform with the applicable medical and regulatory standards so that she could properly receive benefits to which she rightfully qualified.

   d. Prevented the plaintiff from receiving any State or Federal benefits that she may have been eligible to receive by submitting a false report based upon a sham examination.

   e. The defendant knowingly, unlawfully and wrongfully submitted false claims, statements and records to agents or officials of the United States to obtain payment for conducting said false and fraudulent exams. These false records or claims had a material effect on the Government's decision to pay for said exams, and a material effect in denying plaintiff Richter's disability claims.

12. That as a direct result of the fraudulent activities of the defendant, the plaintiff was deemed not to be disabled under the applicable State and Federal guidelines and therefore was denied all applicable benefits.

13. That pursuant to said False Claim Act the Plaintiff is entitled to receive not only his applicable compensatory damages but treble damages along with his attorney fees as well as costs. The United States has been damaged by all of the above false claims by defendants for said fraudulent services rendered and false reports.

### COUNT IV AGAINST DR. ADRIAN FEINERMAN AS AGENT OF MINERS MEMORIAL HEALTH CENTER

Qui Tam Plaintiff Bryam Reddick alleges as follows:

1. That at all times mentioned herein the Qui Tan Plaintiff, Bryan Reddick, was a resident of East Carondelet and county of St. Clair and State of Illinois, and brings this actions on behalf of the United States of America pursuant to 31 U.S.C.A § 3729 et seq. A copy of the complaint and written disclosure of substantially all material written evidence and information the Plaintiff possesses has been served on the United States Government pursuant to Federal Rules of Civil Procedure, Rule 4 (1). The complaint is filed in camera, under seal, and may not be served on defendants until further order of this court. This court has jurisdiction under 31 U.S.C.A § 3730 (b) (a) and 3732, as defendant Feinermen practiced and engaged in business at Miners Memorial Health Center within the Southern District of the State of Illinois, and the acts complained of occurred in said District. Venue exists in this district pursuant to 31 U.S.C.A § 3730 (b) (a).

2. That at all times mentioned herein the defendant Dr. Adrian Feinerman was a doctor licensed to practice medicine in the State of Illinois and was so practicing in various locations throughout the State, and in the Southern District of Illinois.

3. That as part of his practice, the defendant was contracted by the State Government to conduct special examinations and issue medical reports on eligible applicants on behalf of the State of Illinois Department of Human Services, Division of Rehab Services, Disability

Determination in a manner consistent with applicable state and federal medical and regulatory standards.

4. That the purpose of these examinations and subsequent reports was to determine if said applicant qualified for specified disability benefit under state and or federal law.

5. That the defendant on April 2, 2021 did purport to perform such an examination and did issue a report regarding the eligibility of the plaintiff to receive certain disability benefits.

6. That on or about said time and place there existed in the State of Illinois an act known as The False Claim Act, 740 ILCS 175/1 which in part imposes liability on those who make false or fraudulent claims for payment to the United States Government or use false records or statements to secure payment of a false claim from the Government.

7. That the defendant as an agent and/or employee of the defendant Miners Memorial Health Center did violate The False Claim Act in one or more of the following ways.

    a. Failed conduct an exam of the plaintiff in a manner that was consistent with applicable medical and regulatory standards in that he failed to perform certain necessary aspects of a disability examination.

    b. Falsified a medical report based upon said examination that contained findings that did not exist and/ or were fabricated.

    c. Failed to inform the plaintiff that the exam that he was conducting did not conform with the applicable medical and regulatory standards so that he could properly receive benefits to which he rightfully qualified.

    d. Prevented the plaintiff from receiving any State or Federal benefits that he may have been eligible to receive by submitting a false report based upon a sham examination.

8. That as a direct result of the fraudulent activities of the defendant, the plaintiff was deemed not to be disabled under the applicable State and Federal guidelines and therefore was denied all applicable benefits.

9. That pursuant to said False Claim Act the Plaintiff is entitled to receive not only his applicable compensatory damages but treble damages along with his attorney fees as well as cost.

## COUNT V AGAINST MINERS MEMORIAL HEALTH CENTER

1. That at all times mentioned herein the Qui Tam Plaintiff, Bryan Reddick was a resident of East Carondelet and county of St. Clair and State of Illinois, and brings this action on behalf of the United States of America pursuant to 31 U.S.C.A § 3729 et seq. A copy of the complaint and written disclosure of substantially all material written evidence and information the Plaintiff possesses has been served on the United States Government pursuant to Federal Rules of Civil Procedure, Rule 4 (1). The complaint is filed in camera, under seal, and may not be served on defendants until further order of this court. This court has jurisdiction under 31 U.S.C.A § 3730 (b) (a) and 3732, as defendant Feinermen practiced and engaged in business at Miners Memorial Health Center within the Southern District of the State of Illinois, and the acts complained of occurred in said District. Venue exists in this district pursuant to 31 U.S.C.A § 3730 (b) (a).

2. That at all times mentioned herein the defendant Dr. Adrian Feinerman was a doctor licensed to practice medicine in the State of Illinois and was so practicing in various locations throughout the State, and in the Southern District of Illinois.

3. That as part of his practice, the defendant was contracted by the State Government to conduct special examinations and issue medical reports on eligible applicants on behalf of the State of Illinois Department of Human Services, Division of Rehab Services, Disability

Determination in a manner consistent with applicable state and federal medical and regulatory standards.

4. That the purpose of these examinations and subsequent reports was to determine if said applicant qualified for specified disability benefit under state and or federal law.

5. That at all times mentioned herein the defendant Dr. Adrian Feinerman was a doctor licensed to practice medicine in the State of Illinois and was an employee or agent of the Miners Memorial Health Center located in West Frankfort, Illinois.

6. That at all times mentioned herein the defendant Miners Memorial Health Center was a privately owned medical provider located in West Frankfort, State of Illinois.

7. That the defendant Miners Memorial Health Center by and through its various physicians was a facility where special examinations were conducted and medical reports issued on eligible applicants on behalf of the State of Illinois Department of Human Services, Division of Rehab Services, Disability Determination in a manner consistent with applicable State and Federal medical and regulatory standards.

8. That the purpose of these examinations and subsequent reports was to determine if said applicant qualified for specified disability benefit under state and or federal law.

9. That the defendant on April 2, 2021 did purport to perform such an examination and did issue a report regarding the plaintiff.

10. That on or about said time and place there existed in the State of Illinois an act known as The Federal False Claim Act, 31 U.S.C.A § 3729 et seq., which in part imposes liability on those who make false or fraudulent claims for payment to the United States Government or use false records or statements to secure payment of a false claim from the Government.

11. That the defendant Miners Memorial Health Center by or through its agents or employees did violate the False Claim Act in one or more of the following ways:

a. Failed conduct an exam of the plaintiff in a manner that was consistent with applicable medical and regulatory standards in that he failed to perform certain necessary aspects of a disability examination.

b. Falsified a medical report based upon said examination that contained findings that did not exist and/ or were fabricated.

c. Failed to inform the plaintiff that the exam that he was conducting did not conform with the applicable medical and regulatory standards so that he could properly receive benefits to which he rightfully qualified.

d. Prevented the plaintiff from receiving any State or Federal benefits that he may have been eligible to receive by submitting a false report based upon a sham examination.

e. The defendant knowingly, unlawfully and wrongfully submitted false claims, statements and records to agents or officials of the United States to obtain payment for conducting said false and fraudulent exams. These false records or claims had a material effect on the Government's decision to pay for said exams, and a material effect in denying plaintiff Reddick's disability claims.

12. That as a direct result of the fraudulent activities of the defendant, the plaintiff was deemed not to be disabled under the applicable State and Federal guidelines and therefore was denied all applicable benefits.

13. That pursuant to said False Claim Act the Plaintiff is entitled to receive not only his applicable compensatory damages but treble damages along with his attorney fees as well as

costs. The United States has been damaged by all of the above false claims by defendants for said fraudulent services rendered and false reports.

WHEREFORE, Plaintiff requests that this court enter judgment on behalf of the Plaintiff, the United States, and to Plaintiff Bryan Reddick as relator, against the defendant plus prejudgment interest together with reasonable attorney's fees and costs and for such other and further relief as the court deems equitable and just in the premises.

By:	/S/ GREY CHATHAM JR.
GREY CHATHAM JR. 6312518
Chatham and Baricevic
107 West Main Street
Belleville, Illinois 62220
greyjr@chathamlaw.org
PHONE:  618-233-2200
FAX:  618-233-1589